dred nor of an adjoining Hundred, and it not appearing from said record that John D. Kelley was then a *bona fide* resident of Wilmington Hundred and had resided therein for sixty days prior to bringing the suit.   Revised Code 723.

*Byrne* for the respondent.

The exception was sustained and the judgment below reversed.

————•————

IN RE PETITION OF JOSEPH L. CARPENTER, JR., and
ALFRED D. WARNER.

New Castle County, November Term, 1895.

1.—The Sheriff must execute deed in accordance with return of the writ confirmed by the Court.

2.—If the Sheriff makes a deed to the party other than the one named in the return confirmed by the Court, upon petition the Court will grant an order authorizing him to make deed to the party named in the return.

*Hugh C. Browne,* for the petitioners, presented the petition of Joseph L. Carpenter, Jr., and Alfred D. Warner asking that the Court grant an order authorizing Paul Gillis, the present Sheriff, to make deeds in accordance with the returns on certain writs, under the statute in such case made and provided, the late Sheriff having failed to make such deeds.

The petition disclosed that Alvan Allen, late Sheriff of New Castle County, sold a parcel of land described in writ No. 91, to May Term, 1890, to Joseph L. Carpenter, Jr., and other parcels of

land described in writ No. 92 to the May Term, 1890, to Alfred D. Warner and made the return on the said writs in accordance therewith, and the same were confirmed. That the said late Sheriff executed a deed conveying the lands described in writ No. 91 aforesaid to Alfred D. Warner, and the lands described in writ No. 92 aforesaid to Joseph L. Carpenter, Jr.

It was admitted that the deeds had been recorded.

The petition was granted and the order made.

———◆———

### ANDREW SPEAR *vs.* VINCENT O. HILL.

New Castle County, November Term, 1895.

**Justice of the Peace. Execution.**—A Justice of the Peace cannot, of his own volition set aside an execution issued by him after the same has been delivered to a Constable and returned by him.

**Same. Certiorari.** On *certiorari* a *fieri facias* issued by a Justice of the Peace more than three years after the judgment was rendered will be set aside.

**Same. Costs.**—The defendant in *certiorari* is liable for costs.

This was a *certiorari* directed to Thomas Deakyne, a justice of peace of New Castle County. The record shows that a judgment on a bond was entered on his docket on the 19th day of October, 1889 ; that on the same day a *fi. fa.* was issued returnable January 20th, 1890. And that execution was returned January 20th, 1890. On May 21st, 1895, an *alias fi. fa.* was issued returnable August 31st, 1895, and was returned August 27th, 1895,